Charles F. Claiborne,
Judge.

MERCHANT'S ICE CO.

VS

WEIL-GUTMANN SUPPLY CO

# 8341

No. 8341

June 30th, 1922.

Court of Appeal,
PARISH OF ORLEANS
FILED June 30/22
S. Stanshury

MERCHANTS ICE CO.

VS

No. 8341

WEIL-GUTMANN SUPPLY CO.

CHARLES F. CLAIBORNE, JUDGE.

This suit is for the restitution of the price of sale and for damages.

The plaintiff avers that it has been engaged in the manufacture of ice since the year 1909; that in the latter part of 1915 a number of the absorber tubes in two of its machines began to give way from wear and tear, and required to be changed; these tubes had been originally set in position by the Vogt Machine Co. of Louisville, Kentucy; that they were about purchasing their tubes from the same Vogt Company, when they were approached by the defendant Company which represented to them that its tubes manufactured by the National Tube Company were the best on the market, far superior to all others for petitioner's purpose, better and chaaper than the Vogt tubes, and would give better service -; that yielding to defendant's solicitations and relying on their representations, plaintiff gave defendant an order for 720 tubes for the price of $619.20 that said tubes were placed in petitioner's two ice machines at an expense of $251; that the work of putting defendant's tubes in one of plaintiff's machines was completed on December 31st, 1915 and the other on February 7th, 1916; that the first machine started to make ice at once, and the second machine on May 14, 1916; that the tubes of defendant's Company installed in the first machine began to develop defects and to give way on or about May 14th, 1916, and those on the second machine in the latter part of June 1916; that defendants were notified of those defects but failed to remedy them; that plaintiff was obliged to remove all of said defendant's tubes and to replace them with the Vogt tubes at an expense of $1584.00; that the only reason why plaintiff purchased defendant's

734

tubes was because of defendant's representations hereinabove stated - for all of which plaintiff claims of defendant a restitution of the price of $619.20 originally paid and for $830 damages.

The defendant pleaded

"that more than one year from the sale of the tubes set forth in plaintiff's petition elapsed before the institution of said suit and pleads the prescription of one year".

On the same day, the defendant filed an elaborate answer.

The case was tried on the exception and on the merits. There was judgment maintaining the exception and dismissing plaintiff's suit. Plaintiff has appealed.

Article C. C. 2534 (2512) relied on by the defendant reads as follows:

"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale. This limitation does not apply where the seller had knowledge of the vice and neglected to declare it. to the purchaser".

C. C. 2546 (2524):

"In this case (when the seller knows the vice of the thing he sells) the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice".

Article 2529 (2507):

"A declaration made in good faith by the seller that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase".

The defendant was not a manufacturer; he was only a "jobber". There is no evidence that he knew that the tubes sold by it did not possess the qualities represented by it; nor was it presumed, as a jobber, to know of the want of said qualities. 129 La. 984 (1000); 838; 15 L. R. A. N. S. 884; 8 Ct. App. 408; 114 La. 498.

The extent of defendant's representations is thus recited by J. L. Wilburn, Secretary-Treasurer of plaintiff, who negotiated the sale with defendant Company, represented by Mike Cahn:

"We have got as good or better than any other tubes on the market - a tube superior to anything on the market".

N. Wilburn, President of plaintiff testified:

"He (Mike Cahn) said there was no tube in the world that was better, they were the finest in the market, and I want to sell them to you".

We fail to perceive in those statements anything else than the boastful "puffing" resorted to by agents to effect sales, but which do not amount to a warranty of any kind, nor did they amplify the warranty implied by law in all sales. The plaintiff specifically disclaimed any intention to charge the defendant with fraud. We do not therefore consider that the statements made by Cahn take this case out of the Articles of the Code governing redhibitory actions. The sum and substance of plaintiff's complaint, after all, is, not that the defendant's tubes were not fitted for the purpose for which they were intended, for they were put in position, tested, and accepted, and did satisfactory work thirty or sixty days; but that instead of being good quality and durable, in the language of the petition, they "developed defects", "gave way", "deteriorated", were "defective, inadequate, improper, and worthless", and, according to the testimony, they "pitted, or became full of small holes, by operation of the water passing through them. These are exactly the cause mentioned by C. C. 2520 (2496) for a redhibitory action.

The defendant was cited May 12th, 1917, more than one year after the sale. Plaintiff's action was prescribed. 3 N. S. 288; 4 R. 155; 12 A. 297; 114 La. 503; 123 La. 1109; 129 La. 1000.

Judgment affirmed
June 30th, 1922.